UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,                    )
                                       )
           Plaintiff,                  )
                                       )
      v.                               )      CAUSE NO. 2:13-CV-144-PPS-PRC
                                       )
HANOVER COMMUNITY SCHOOL               )
CORPORATION, BOARD OF TRUSTEES         )
OF HANOVER COMMUNITY SCHOOL            )
CORPORATION, Former Superintendent     )
CAROL A. KAISER, Principal JUSTIN      )
BIGGS, Trustee MARY JOAN DICKSON,      )
Trustee JULIE MUELLER, Former Trustee  )
PAT KOCOT, Former Trustee DANA         )
GRINER and TONY HIATT,                 )
                                       )
           Defendants.                 )

**BRIEF IN SUPPORT OF MOTIONS TO COMPEL NON-EVASIVE AND
COMPLETE RESPONSES TO INTERROGATORIES AND MOTION TO
COMPEL REQUESTS FOR PRODUCTION SERVED TO DEFENDANTS**

      Comes now the Plaintiff, Brian Vukadinovich, pro se, pursuant to N.D. Ind. L.R.

7-1(b)(2) and submits his brief in support of his motions to compel the Defendants to

provide non-evasive and complete responses to Plaintiff's Interrogatories and to compel

Defendants to produce documents from Plaintiff's Request for Production of Documents.

## I. BACKGROUND

      On July 3, 2013, Plaintiff sent counsel for the Defendant Hanover Community

School Corporation a set of Interrogatories and Request for Production of Documents of

which were returned to Plaintiff on August 9, 2013, many of which answers and

responses were evasive and insufficient.  Plaintiff thereafter noted the deficiencies to

Defendants' counsel and Defendants' counsel served Plaintiff with Supplemental

Answers to the Interrogatories on September 19, 2013 and a Supplemental Response to

Plaintiff's Request for Production of Documents on September 19, 2013. However, the

respective Defendants failed to modify or amend certain answers and still did not

sufficiently answer several interrogatories in concern. The Defendants' Supplemental

Response to the discovery requests was in noncompliance for the most part as well. A

copy of the Defendants' Supplemental Answers/Responses are attached to each of the

Plaintiff's respective Motions to Compel Non-Evasive and Complete Responses to

Plaintiff's Interrogatories and to the Motion to Compel Production of Documents.

     The Plaintiff attempted to schedule a telephone conference with Defendants'

counsel for a dialogue as to the problem areas in the Defendant's Supplemental Answers,

but Defendant's counsel refused to accommodate Plaintiff's request for a telephone

dialogue on the matters as is reflected in the Certification of Attempted Conference

which was contemporaneously filed with the motions to motion. Because the

Defendants' attorney was not willing to have a telephone conference with Plaintiff for

dialogue over the discovery concerns, the motions to compel were necessarily filed with

the Court.

## II. GOVERNING RULES AND LAW

     Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery of

which rule explicitly states:

> Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense – including the
> existence, description, nature, custody, condition, and location of any
> documents or other tangible things and the identity and location of
> persons who know of any discoverable matter. For good cause, the court

-2-

may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 33 (a)(2) of the Federal Rules of Civil Procedure governs the scope of

Interrogatories of which rule states:

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Rule 33(3) of the Federal Rules of Civil Procedure states:

Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

## A. LAW FROM THIS HONORABLE DIVISION

The law from this Division as enunciated in *Lewis v. St. Margaret Mercy*, 2013

WL 214239 (N.D. Ind.) is such that a party may "obtain discovery regarding any matter,

not privileged, that is relevant to the claim or defense of any party, including the

existence, description, nature, custody, condition and location of any books, documents,

or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery

purposes, relevancy is construed broadly to encompass "any matter that bears on, or that

reasonably could lead to other matters that could bear on any issue that is or may be in

the case." *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)

(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57

L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or

defenses identified in the pleadings, the information still may be relevant to the broader

-3-

subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). See also *Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2011) (For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action"); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-3. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at

478. (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations and citations omitted). See also *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery). The Court further admonished in *Lewis v. St. Margaret Mercy, supra.*, that whenever an answering party responds that the answer to an interrogatory may be ascertained from a document, and the burden would be the same on either party to identify the answer in the document, the responding party may respond to the interrogatory by specifying the records that must be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Rule 33(d). The Court further admonished the responding party must be careful not to "document dump" and refer to a myriad of pages with no explanation. *Magarl*, 2004 WL 2750252 at *3. Such a response is improper.

## B. APPLICABLE LAW FROM OTHER JURISDICTIONS

A court has held that "[parties] answering interrogatories had a duty to answer "without evasiveness and in good faith." *Shaffer v. The Northwestern Mut. Life Ins. Co.*, 2007 U.S.Dist. LEXIS 1552 (N.D.W. Va 2007). Answers that are "evasive or incomplete…[are] treated as a failure to disclose, answer, or respond." *Id.* Citing *Von*

*Der Heydt v. Kennedy*, 299 F.2d 459 462 (D.C. Cir.1962). In affirming a motion to compel a court has held that parties are required to provide direct, complete, and honest answers. *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (D.C. Pa. 1980). See also *Harlem River Consumers Corp, Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 463 (SD.N.Y. 1974) (granting a motion to compel interrogatories where plaintiff's responses "represent, not the detailed specificity required in the discovery process, but the type of general allegations appropriate in a pleading").

It is well settled that defendants have an affirmative obligation to participate in discovery in an honest, non-evasive and complete manner. *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977). As the United States Supreme Court noted in *United States v. Procter & Gamble*, 356 U.S. 677, 683, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958) it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible.

Courts have interpreted Rule 26 to provide for liberal discovery. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing cases). See also *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 08CV230-DJS, 2009 WL 539927, *1 (E.D. Mo. March 2009) (holding that Rule 26(b) and Rule 34 provide for broad discovery) (citations omitted). Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass 1984)). See also *Liberty Mut. Fire*

-6-

*Ins.*. 2009 WL 539927, *1 (holding that requesting party need only make a "threshold showing of relevance" under Rule 26(b)

The party resisting production bears the burden of establishing lack of relevance or undue burden. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citations omitted). The objecting party "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 206(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Use of "boilerplate" objections such as "the requested documents are neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence", "the request is overbroad", and "the request is oppressive, burdensome, and harassing", are insufficient and "are textbook examples of what federal courts have routinely deemed to be improper objections*." Id.* at 512. Instead, the party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensome. *Id.* (citing *Redland Soccer Club v. Dep't of Army*, 55 F.3d 827, 856 (3d. Cir. 1995); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *Burns v. Imagine Films Entert., Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996). Indeed, "general objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984).

## III. THE DEFENDANTS' OBJECTIONS ARE IMPROPER

The Court will readily see that the Defendants' (boilerplate) objections are of the very inappropriate type as frowned upon by a Court of this Division in *Lewis v. St. Margaret Mercy*, 2013 WL 214239 (N.D. Ind. 2013) when the Court addressed that the burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478. (citing *Burkybile v. Mitsubushi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). The Defendants indeed have proceeded with this often abused litany in their attempts to thwart discovery to Plaintiff for information that Plaintiff is entitled to under the discovery rules, and the Defendants as such are obligated to truthfully and completely answer their respective interrogatories in non-evasive fashion and to produce the documents from the requests for production. As the Court stated in *Lewis v. St. Margaret Mercy*, 2013 WL 214239 (N.D. Ind.) at page 4, "Discovery is a search for the truth."

## IV. CONCLUSION

For the reasons and authorities as set forth above, the Plaintiff respectfully requests that the Court issue an order granting the Plaintiff's motions to compel the respective Defendants to provide non-evasive and complete answers to the Plaintiff's Interrogatories and to compel the Defendants to produce the documents from the Plaintiff's Requests for Production, and any other relief that the Court may deem as appropriate.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Brief in Support of Plaintiff's Motions to Compel Discovery* has been served upon the following counsel of record, by United States Mail, First-Class postage prepaid, this 28th day of September, 2013.

Marsha Volk Bugalla
Thomas E. Wheeler, II
Frost, Brown, Todd, LLC
201 N. Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, Indiana 46244-0961

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462