UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CAUSE NO. 2:13-CV-144-PPS-PRC
)
HANOVER COMMUNITY SCHOOL )
CORPORATION, BOARD OF TRUSTEES )
OF HANOVER COMMUNITY SCHOOL )
CORPORATION, Former Superintendent )
CAROL A. KAISER, Principal JUSTIN )
BIGGS, Trustee MARY JOAN DICKSON, )
Trustee JULIE MUELLER, Former Trustee )
PAT KOCOT, Former Trustee DANA )
GRINER and TONY HIATT, )
)
Defendants. )

## BRIEF IN SUPPORT OF MOTION TO COMPEL INTERROGATORIES AS TO TONY HIATT

Comes now the Plaintiff, Brian Vukadinovich, pro se, pursuant to N.D. Ind. L.R. 7-1(b)(2) and submits his brief in support of his Motion to Compel Interrogatories as to Tony Hiatt.

### I. BACKGROUND

On October 1, 2013, Plaintiff sent counsel for the Defendant Tony Hiatt a set of Interrogatories of which were returned to Plaintiff on October 28, 2013. Three (3) of the interrogatories were insufficient as they were evasive or unanswered.

On November 1, 2013, the Plaintiff sent an email to Defendants' counsel and attempted to schedule a telephone conference with Defendants' counsel for a dialogue as to the problem areas in Defendant Hiatt's interrogatories, but Defendants' counsel refused to accommodate Plaintiff's request for a telephone conference on the matters as is

reflected in the Certification of Attempted Conference which is contemporaneously filed with the Motion to Compel. Because Defendants' counsel was not willing to have a telephone conference with Plaintiff regarding the discovery concerns as to Defendant Hiatt's interrogatories, the motion to compel was necessarily filed with the Court.

## II. GOVERNING RULES AND LAW

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery of which rule explicitly states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 33 (a)(2) of the Federal Rules of Civil Procedure governs the scope of Interrogatories of which rule states:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Rule 33(3) of the Federal Rules of Civil Procedure states:

> Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

### A. LAW FROM THIS HONORABLE DIVISION

The law from this Division as enunciated in *Lewis v. St. Margaret Mercy*, 2013

-2-

WL 214239 (N.D. Ind.) is such that a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). See also *Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2011) (For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action"); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-3. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire*

*Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478. (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations and citations omitted). See also *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery). The Court further admonished in *Lewis v. St. Margaret Mercy, supra.*, that whenever an answering party responds that the answer to an interrogatory may be ascertained from a document, and the burden would be the same on either party to identify the answer in the document, the

-4-

responding party may respond to the interrogatory by specifying the records that must be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Rule 33(d). The Court further admonished the responding party must be careful not to "document dump" and refer to a myriad of pages with no explanation. *Magarl*, 2004 WL 2750252 at *3. Such a response is improper.

### B. APPLICABLE LAW FROM OTHER JURISDICTIONS

A court has held that "[parties] answering interrogatories had a duty to answer "without evasiveness and in good faith." *Shaffer v. The Northwestern Mut. Life Ins. Co.*, 2007 U.S.Dist. LEXIS 1552 (N.D.W. Va 2007). Answers that are "evasive or incomplete…[are] treated as a failure to disclose, answer, or respond." *Id.* Citing *Von Der Heydt v. Kennedy*, 299 F.2d 459 462 (D.C. Cir.1962). In affirming a motion to compel a court has held that parties are required to provide direct, complete, and honest answers. *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (D.C. Pa. 1980). See also *Harlem River Consumers Corp, Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 463 (SD.N.Y. 1974) (granting a motion to compel interrogatories where plaintiff's responses "represent, not the detailed specificity required in the discovery process, but the type of general allegations appropriate in a pleading").

It is well settled that defendants have an affirmative obligation to participate in discovery in an honest, non-evasive and complete manner. *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977). As the United States Supreme Court noted in *United States v. Procter & Gamble*, 356 U.S. 677, 683, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958) it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's

bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible.

Courts have interpreted Rule 26 to provide for liberal discovery. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing cases). See also *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 08CV230-DJS, 2009 WL 539927, *1 (E.D. Mo. March 2009) (holding that Rule 26(b) and Rule 34 provide for broad discovery) (citations omitted). Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass 1984)). See also *Liberty Mut. Fire Ins.*. 2009 WL 539927, *1 (holding that requesting party need only make a "threshold showing of relevance" under Rule 26(b)

The party resisting production bears the burden of establishing lack of relevance or undue burden. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citations omitted). The objecting party "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 206(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Use of "boilerplate" objections such as "the requested documents are neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence", "the request is overbroad", and "the request is oppressive,

burdensome, and harassing", are insufficient and "are textbook examples of what federal courts have routinely deemed to be improper objections." *Id.* at 512. Instead, the party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensome. *Id.* (citing *Redland Soccer Club v. Dep't of Army*, 55 F.3d 827, 856 (3d. Cir. 1995); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *Burns v. Imagine Films Entert., Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996). Indeed, "general objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984).

### III. THE ANSWERS ARE EVASIVE AND INSUFFIENT

As the information in the motion demonstrates, the answers submitted by Defendant Hiatt are evasive and nonresponsive. In **Interrogatory No. 23** Defendant Hiatt was asked to provide the date that he learned that Brian Vukadinovich was a qualified Project Lead the Way Gateway to Technology program instructor during the time of Brian Vukadinovich's employment with the Hanover Community School Corporation, but Defendant Hiatt did not provide the date as he was requested to do in this interrogatory. Defendant Hiatt was asked to provide the names of the persons who informed him that Brian Vukadinovich was a qualified Project Lead the Way Gateway to Technology program instructor during his time of employment with the Hanover Community School Corporation, but Defendant Hiatt did not provide the names as he was requested to do in this interrogatory. A court has held that parties answering

-7-

interrogatories had a duty to answer "without evasiveness and in good faith." *Shaffer v. The Northwestern Mut. Life Ins. Co.*, 2007 U.S.Dist. LEXIS 1552 N.D. W. Va 2007). Answers that are "evasive or incomplete...[are] treated as a failure to disclose, answer, or respond." *Von der Heydt v. Kennedy*, 299 F.2d 459, 462 (D.C. Cir. 1962). In affirming a motion to compel a court has held that parties are required to provide direct, complete, and honest answers. *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (D.C. Pa. 1980). See also *Harlem River Consumers Corp. Inc., v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 463 (S.D. N.Y. 1974). It is well settled that Defendants have an affirmative obligation to participate in discovery in an honest, non-evasive and complete manner. *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977). The United States Supreme Court has noted in *United States v. Procter & Gamble*, 356 U.S. 677, 683, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958) it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible. Defendant Hiatt should be compelled to provide an answer as to dates and names as he was requested to provide in this interrogatory.

In **Interrogatory No. 25** Defendant Hiatt was asked if he ever stated to Carol A. Kaiser as to any issue of staffing within the Hanover Community School Corporation that he "played ignorant" about a staffing issue. Defendant Hiatt objected on grounds that this interrogatory was supposedly "unclear and vague" and "impossible" to answer. And yet Defendant Hiatt very well knows that he wrote an email to former superintendent Kaiser on April 18, 2012 advising Defendant Kaiser that he (Defendant Hiatt) was approached by the assistant HS/MS principal (an employee of the Hanover Community

-8-

School Corporation) and a discussion took place on a staffing issue that Defendant Hiatt had knowledge about and that Defendant Hiatt "played ignorant" about the staffing issue as is reflected in **Exhibit 2**. Because Defendant Hiatt had an active involvement in the staffing issue regarding the Plaintiff in this litigation, Defendant Hiatt should be compelled to answer this interrogatory. Plaintiff reincorporates the caselaws cited above as to Defendant Hiatt's failure to answer this interrogatory.

In **Interrogatory No. 26** Defendant Hiatt was asked if the answer to Interrogatory No. 25 was yes as to whether he made a statement to Carol Kaiser that he "played ignorant" about a staffing issue within the Hanover Community School Corporation, Defendant Hiatt was asked to state his justification for "playing ignorant" as to a staffing issue within the Hanover Community School Corporation. Defendant Hiatt answered N/A. However, this question is indeed very applicable since Defendant Hiatt was actively involved in Plaintiff's employment matter and even provided false information to the EEOC in support of the corporation's Position Statement in response to Plaintiff's discrimination/retaliation charge filed with the EEOC. In the interest of brevity Plaintiff will not recite the caselaws here and will reincorporate the above cited cases by reference herein. Defendant Hiatt should be compelled to answer this interrogatory.

## IV. CONCLUSION

For the reasons and authorities as set forth above, the Plaintiff respectfully requests that the Court issue an order granting the Plaintiff's motion to compel Defendant Tony Hiatt to provide non-evasive and complete answers to the Plaintiff's Interrogatories as addressed herein, and any other relief that the Court may deem as appropriate.


Respectfully submitted,

_____
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Brief in Support of Motion to Compel Interrogatories as to Tony Hiatt* has been served upon the following counsel of record, by United States Mail, First-Class postage prepaid, this 4th day of November, 2013.

>Marsha Volk Bugalla
>Thomas E. Wheeler, II
>Frost, Brown, Todd, LLC
>201 N. Illinois Street, Suite 1900
>P.O. Box 44961
>Indianapolis, Indiana 46244-0961

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-2462