**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

BRIAN VUKADINOVICH,              )
            Plaintiff,              )
                        )
      v.              )        Cause No.: 2:13-cv-144-PPS-PRC
                        )
HANOVER COMMUNITY              )
SCHOOL CORPORATION, *et al.*,              )
            Defendants.              )

**OPINION AND ORDER**

This matter is before the Court on the following 22 motions:

    1.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Hanover Community School Corporation [DE 66], filed September 26, 2013;

    2.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Carol A. Kaiser [DE 67], filed September 26, 2013;

    3.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Justin Biggs [DE 68], filed September 26, 2013;

    4.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Mary Joan Dickson [DE 69], filed September 26, 2013;

    5.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Julie Mueller [DE 70], filed September 26, 2013;

    6.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Pat Kocot [DE 71], filed September 26, 2013;

    7.    Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Dana Griner [DE 72], filed September 26, 2013;

    8.    Plaintiff's Motion to Compel Production of Documents from

Defendant Hanover Community School Corporation [DE 73], filed September 26, 2013;

9.   Defendants' Motion for Protective Order [DE 84], filed October 23, 2013;

10.   Motion to Strike Defendants' Motion for Protective Order and to Admonish Defendants' Counsel to Comply with F.R.C.P. 37(a)(1) and Local Rule 37-1 and to Comply with the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit [DE 89], filed October 28, 2013;

11.   Motion to Strike Defendants' Response to Plaintiff's Brief in Support of Motions to Compel Non-Evasive and Complete Responses to Interrogatories and Motion to Compel Requests for Production Served on Defendants [DE 96], filed November 7, 2013;

12.   Motion to Compel Answers to Interrogatories as to Tony Hiatt [DE 99], filed November 7, 2013;

13.   Motion to Compel Answers to Interrogatories as to Carol A. Kaiser and Justin Biggs [DE 132], filed December 10, 2013;

14.   Motion to Extend Discovery Deadline [DE158], filed January 10, 2014;

15.   Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Hanover Community School Corporation [DE 161], filed January 10, 2014;

16.   Motion to Compel Non-Evasive and Complete Responses to requests for Admissions as to Justin Biggs [DE 162], filed January 10, 2014;

17.   Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Mary Joan Dickson [DE 163], filed January 10, 2014;

18.   Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Julie Mueller [DE 164], filed January 10, 2014;

19.   Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Pat Kocot [DE 165], filed January 10, 2014;

20.   Motion to Compel Non-Evasive and Complete Responses to

Requests for Admissions as to Dana Griner [DE 166], filed January 10, 2014;

21.     Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Tony Hiatt [DE 167], filed January 10, 2014;

22.     Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Carol A. Kaiser [DE 168], filed January 10, 2014.

The Court has considered all of the motions, briefs, responses, replies, objections, and arguments.

## I. General Context

This is an employment discrimination case. Plaintiff Vukadinovich was terminated from his employment as a middle school teacher for Hanover Community School Corporation. The School Corporation defends that, in terminating his employment, it was making a reduction in work force.

Plaintiff Vukadinovich contends in his Complaint that his termination was unlawful in five respects:

1.     It was retaliation against him because he obtained a settlement in a lawsuit against his former employer (Hammond School District);

2.     It was motivated by age discrimination;

3.     It was in violation of his civil rights (Section 1983 claim);

4.     He was denied due process of law;

5.     It was in breach of his employment contract (pendent state law claim).

3

## II. Motion to Strike Defendants' Response [DE 96]

In his Motion to Strike Defendants' Response to Plaintiff's Brief in Support of Motions to Compel Non-Evasive and Complete Responses to Interrogatories and Motion to Compel Requests for Production Served on Defendants [DE 96], Plaintiff Vukadinovich asks that the Court strike Defendants' response because it exceeds the 25-page limit set by Local Rule 7-1. Defendants did not file a response to this Motion.

Parties do not have a right to insist that other parties strictly comply with a court's local rules. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). Plaintiff Vukadinovich has also filed a brief in this case exceeding the page limit. The Defendants filed a similar motion to strike that brief, but later withdrew it.

This Motion [DE 96] is **DENIED**.

## III. Conferral Certification

Federal Rule of Civil Procedure 37(a)(1) requires that motions brought under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery . . . ." Fed. R. Civ. P. 37(a)(1). An ongoing dispute in this case is whether email correspondence can suffice as a conference. Defendants' counsel will communicate with Plaintiff Vukadinovich only by email. Vukadinovich prefers that they communicate by telephone. Defendants' counsel is wary that communicating by telephone may result in Vukadinovich falsely accusing her of saying things she did not say.

Generally, courts have held that the threshold for what counts as a conference is rather low. *See, e.g.*, *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193 (N.D. W. Va. 2000) (holding a single correspondence was sufficient under the totality of the circumstances); *Alloc, Inc. v. Unilin Beheer B.V.*, 03-C-1266, 2006 WL 757871 (E.D. Wis. Mar. 24, 2006) (multiple letters were

sufficient). Other courts have held the bar somewhat higher. For example, in *Shuffle Master, Inc. v. Progressive Games, Inc.*, a Nevada district court explained that Rule 37(a)(1) "requires a party to have had or attempted to have had an actual meeting or conference." 170 F.R.D. 166, 171 (D. Nev. 1966). That court, however, did not exclude doing so by written communication. What matters is that "a moving party must personally engage in two-way communication with the non-moving party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* Wright's Federal Practice And Procedure likewise emphasizes the efforts at communication, not the method of the conference. 8A Charles Alan Wright et al., *Federal Practice and Procedure* Civ. § 2285 (3d ed. 2013).

In this district, moreover, many cases have held email communication to be sufficient. *See, e.g.*, *Forest River Hous., Inc. v. Patriot Homes, Inc.*, 3:06-CV-841-AS, 2007 WL 1376289 (N.D. Ind. May 7, 2007); *In Re FedEx Ground Package Sys., Inc.*, 3:05-MD-527 RM, 2007 WL 79312 (N.D. Ind. Jan. 5, 2007); *The Hartford v. Schindler Elevator Corp.*, 1:09-CV-132, 2010 WL 5463293 (N.D. Ind. Dec. 29, 2010). This Court thus finds that a Rule 37 conference can be accomplished by a face-to-face meeting, a telephone conversation, or written communication (including email). What matters is that there is a true-back-and-forth dialogue. Under the circumstances of this case, the Court **ORDERS** Defendants' counsel and Plaintiff Vukadinovich to make all Rule 37(a)(1) and Local Rule 37-1 conferrals by back-and-forth email or other written communication.

### IV. Motion to Strike Motion for Protective Order [DE 89]

Plaintiff Vukadinovich filed a Motion to Strike Defendants' Motion for Protective Order and to Admonish Defendants' Counsel to Comply with F.R.C.P. 37(a)(1) and Local Rule 37-1 and to Comply with the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit

[DE 89]. Federal Rule of Civil Procedure 26(c)(1) provides that "the motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). For the same reasons discussed in the section immediately above, this Motion [DE 89] is **DENIED**.

The Court does note, however, that both sides resort to calling each other names and including snarky comments in their filings. The Court **ADMONISHES** both Plaintiff and Defendants (and their attorneys) to adopt a more civil tone.

### V. Motion for Protective Order [DE 84]

Defendants filed a Defendants' Motion For Protective Order [DE 84]. In addition to his interrogatories and requests for admissions, Plaintiff Vukadinovich has also used Indiana's Access to Public Records Act (APRA), Ind. Code 5-14-3-1, *et seq.*, to obtain thousands of documents from Defendant Hanover Community School Corporation.[1]

In this Motion, Defendants ask for two measures of relief. First, they ask that they not be required to respond to future duplicative discovery requests. Second, they ask that they not be required to respond to future discovery requests seeking documents Defendants have already turned over to Vukadinovich in complying with his public records requests.

F.R.C.P. 26(c)) governs protective orders. It provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)). One of the remedies it provides is forbidding the disclosure of discovery items. *Id.* The decision of the court is discretionary. *Id.*

Defendants represent that they have already handed over to Plaintiff Vukadinovich duplicate documents in responding to discovery requests and APRA requests. This has taken much time and

---

[1] Pages 2–5 and 8–10 of the Motion list the requests and how they overlap.

is expensive.

Plaintiff Vukadinovich objects to this Motion on three bases:

1.      The Motion does not comply with Local Rule 5-4, which requires filing an index of exhibits if there are more than four;

2.      He thinks some of the documents he requested have not been produced in discovery responses or APRA responses;

3.      He should be allowed to ask similar questions to different Defendants.

The Defendants respond that:

1.      They subsequently filed an index of exhibits and ask the court to pardon their mistake;

2.      Insofar as his objections are to APRA responses, the proper way of dealing with the problem is under that statute's provisions, not the Federal Rules of Civil Procedure;

3.      They do not object to him asking similar questions to different Defendants, but they do object to him repeatedly asking the same questions to the same defendants.

The Local Rule 5-4 objection has been belatedly cured by the Defendants. Although parties do not have the right to insist on strict compliance by other parties with the court's Local Rules, the court expects the parties in this case to comply strictly with the Local Rules in the future.

Regarding the alleged APRA response deficiencies, the Defendants, of course, should not be required to turn over documents to Vukadinovich that they have already provided to him. In the future, the Defendants may state in their written responses that they have already turned over the requested documents (with a citation to the date and document where the question or request was previously answered), if, in fact, they have.

Regarding repeated questions, if Vukadinovich made the same discovery request to the same Defendant previously in this case, the Defendant may state in his written statements that he has done

so (with a citation to the date and document where the question or request was previously answered).

This Motion [DE 84] is accordingly **GRANTED**.

## VI. Motion to Extend Discovery Deadline [DE 158]

The Defendants filed a Motion to Extend Discovery Deadline [DE 158]. The Motion is **GRANTED**. The deadline by which all discovery in this case shall be completed is extended to April 30, 2014 (beyond the April 3, 2014 date suggested by Defendants).

## VII. Motions to Compel Responses to Interrogatories

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). Relevance is broadly construed in discovery matters. The Rule provides "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Parties may seek a court order to compel discovery if an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)–(3). The burden is on the objecting party to show why the request is improper. *See, e.g.*, *Gregg v. Local 305 IBEW*, 1:08-CV-160 2009 WL 1323103, at *8 (N.D. Ind. May 13, 2009). This burden cannot be met by the "reflexive invocation of the same baseless, often abused, litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham v. Smithkleine Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Instead, the court looks at the whole picture and uses broad discretion to weigh the value of the material sought against the burden of provision, taking into

account society's interest in getting to the truth of the matter. *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007).

If Plaintiff feels a response to an interrogatory is untruthful, that does not necessarily make the response improper. It is not the court's duty to determine the accuracy of a response to an interrogatory. If a good faith response to an interrogatory is that the respondent does not know the information asked, and cannot make reasonable efforts to learn the information, then such a response is not objectionable. It is the court's duty to determine if the response directly addresses the interrogatory. It is reasonable and acceptable if the response includes a brief explanation or description of context.

### B. Explanation of Partial Granting of Motions to Compel Responses to Interrogatories

In the sections that follow, wherever the Court grants or partially grants a motion to compel responses to interrogatories, the motion to compel is granted *only* to the extent specified; the remainder of the objection to that response is overruled and denied.

### C. Hanover Community School Corporation Interrogatories [DE 66]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Hanover Community School Corporation [DE 66].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 22, 31, 34, 43, and 44 to Hanover Community School Corporation. The Motion is **GRANTED** as to Interrogatory 32 to Hanover Community School Corporation. The Court **ORDERS** the school corporation to promptly answer Interrogatory 32 by written response but only to the extent the information in the answer is not legally privileged or otherwise legally confidential information.

### D. Carol Kaiser Interrogatories [DE 67]

9

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Carol A. Kaiser [DE 67].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 14, 31, 35, and 37. The Motion is **GRANTED** as to Interrogatory 13 to Carol Kaiser. The Court **ORDERS** that Carol Kaiser shall promptly supplement her original response to Interrogatory 13 by describing the content of her recommendation to not give Vukadinovich an additional conference.

### E. Justin Biggs Interrogatories [DE 68]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Justin Biggs [DE 68].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 24, 38, and 41 to Justin Biggs. The Motion is **GRANTED** as to Interrogatory 37 to Justin Biggs. The Court **ORDERS** that Justin Biggs shall promptly supplement his original response to Interrogatory 37 by disclosing for applicable EEOC and court proceedings the titles of all such proceedings, case numbers, names of the parties, court locations, dates of filing of complaints, the general nature of the allegations, and brief descriptions of the dispositions.

### F. Mary Joan Dickson Interrogatories [DE 69]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Mary Joan Dickson [DE 69].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 12, 14, 20, and 31 to Mary Joan Dickson. The Motion is **GRANTED** as to Interrogatory 8 to Mary Joan Dickson insofar as it seeks the content of

the conversations. The Court **ORDERS** that Mary Joan Dickson shall promptly supplement her original response to Interrogatory 8 by describing the content of the conversations with Carol A. Kaiser. The Motion is **GRANTED** as to Interrogatory 11 to Mary Joan Dickson insofar as it seeks details of what Carol A. Kaiser said. Mary Joan Dickson shall promptly supplement her original response to Interrogatory 11 by describing the details of what Carol A. Kaiser said. The Motion is **GRANTED** as to Interrogatory 23 to Mary Joan Dickson insofar as it seeks the names of, and contact information for, the people who contacted her. The Court **ORDERS** that  Mary Joan Dickson shall promptly supplement her original response to Interrogatory 23 by stating the names of, and contact information for, the people who contacted her about elimination of shop class.

### G. Julie Mueller Interrogatories [DE 70]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Julie Mueller [DE 70].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 10, 11, 15, and 34 to Julie Mueller. The Motion is **GRANTED** as to Interrogatory 7 to Julie Mueller insofar as it seeks the content of the conversations. The Court **ORDERS** that Julie Mueller shall promptly supplement her original response to Interrogatory 7 by describing the content of the conversations with Carol A. Kaiser. The Motion is **GRANTED** as to Interrogatory 14 to Julie Mueller insofar as it requests citation to a statute. The Court **ORDERS** that Julie Mueller shall promptly supplement her original response to Interrogatory 14 by providing a citation to statute.

### H. Pat Kocot Interrogatories [DE 71]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Pat Kocot [DE 71].

11

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 12 and 35 to Pat Kocot. The Motion is **GRANTED** as to Interrogatory 8 to Pat Kocot insofar as it seeks the content of the conversations. The Court **ORDERS** that Pat Kocot shall promptly supplement her original response to Interrogatory 8 by describing the content of the conversations with Carol A. Kaiser. The Motion is **GRANTED** as to Interrogatory 11 to Pat Kocot insofar as it seeks the details of what Carol A. Kaiser said. The Court **ORDERS** that Pat Kocot shall promptly supplement her original response to Interrogatory 11 by describing the details of what Carol A. Kaiser said.

The Motion is **CONDITIONALLY GRANTED** as to Interrogatory 30 to Pat Kocot. Her response is unclear as to whether she sent or received any emails about Vukadinovich. If so, then apparently those have already been turned over to Vukadinovich and to that extent she need not supplement her Interrogatory response. If not, the Court **ORDERS** that she shall describe the specifics of the emails. If there are no such emails then she shall state that.

### I. Dana Griner Interrogatories [DE 72]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Interrogatories as to Dana Griner [DE 72].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Interrogatories 10, 19, 29, and 33 to Dana Griner. The Motion is **GRANTED** as to Interrogatory 11 to Dana Griner insofar as it seeks a description of the details of what Carol A. Kaiser said. The Court **ORDERS** that  Dana Griner shall promptly supplement her original response to Interrogatory 11 by describing the details of what Carol A. Kaiser said.

The Motion is **GRANTED** as to Interrogatory 31 to Dana Griner insofar as it seeks the names, an explanation, and the amount of money. Dana Griner shall promptly supplement her

original response to Interrogatory 31 by disclosing the names of the persons who raised concerns about the missing money, the explanation she gave, and the amount of money.

## J. Motion to Compel Production of Documents [DE 73]

Plaintiff Vukadinovich filed a Plaintiff's Motion to Compel Production of Documents from Defendant Hanover Community School Corporation [DE 73].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Requests 1, 12, 14, and 36 to Hanover Community School Corporation.

The Motion is **GRANTED** as to Request 7 to Hanover Community School Corporation. The Court **ORDERS** that the school corporation shall promptly supplement its original response to Request 7 by turning over to Plaintiff Vukadinovich all copies requested, to the extent it has not already done so.

The Motion is **GRANTED** as to Request 19 to Hanover Community School Corporation. The Court **ORDERS** that the school corporation shall promptly supplement its original response to Request 19 by turning over to Plaintiff Vukadinovich all documents requested, to the extent it has not already done so.

The Motion is **GRANTED** as to Request 23 to Hanover Community School Corporation. The Court **ORDERS** that the school corporation shall promptly supplement its original response to Request 23 by turning over to Plaintiff Vukadinovich all records requested, to the extent it has not already done so.

The Motion is **GRANTED** as to Request 27 to Hanover Community School Corporation. The Court **ORDERS** that the school corporation shall promptly supplement its original response to Request 27 by turning over to Plaintiff Vukadinovich all letters or writings requested, to the extent

it has not already done so.

The Motion is **GRANTED** as to Request 28 to Hanover Community School Corporation. The school corporation shall promptly supplement its original response to Request 28 by turning over to Plaintiff Vukadinovich all documents or things requested, to the extent it has not already done so.

### K. Tony Hiatt Interrogatories [DE 99]

Plaintiff Vukadinovich filed a Motion to Compel Answers to Interrogatories as to Tony Hiatt [DE 99]. The Motion is **GRANTED**. Tony Hiatt shall promptly supplement his original response to Interrogatory 23 by answering the date he learned that Plaintiff Vukadinovich was a qualified project leader for the PLTW Gateway to Technology program and the names of the people who informed Hiatt of that. Tony Hiatt's objection to Interrogatory 25 is overruled. The Court **ORDERS** that he shall promptly provide a written response to Interrogatory 25 directly answering it; he shall promptly provide a written response to Interrogatory 26, if applicable.

### L. Carol Kaiser and Justin Biggs Interrogatories [DE 132]

Plaintiff Vukadinovich filed a Motion to Compel Answers to Interrogatories as to Carol A. Kaiser and Justin Biggs [DE 132]. The Motion is **GRANTED**. Carol Kaiser and Justin Biggs shall promptly supplement their original answers to Interrogatory 1 by providing their telephone numbers and email addresses that they used—occasionally, partly, or completely—for employment related purposes during the relevant period of time. The Court **ORDERS** that Plaintiff Vukadinovich shall not use this information to directly or indirectly contact either Carol Kaiser or Justin Biggs. The Court **ORDERS** that he shall also not disclose the information to anyone else except as reasonably necessary within this case (such as, for example, as trial evidence).

14

### VIII. Motions to Compel Responses to Requests for Admission [DE 161–68]

Plaintiff Vukadinovich served a total of approximately 240 requests for admissions on the various defendants on November 27, 2013. The Defendants timely served their responses on December 24, 2013. Plaintiff Vukadinovich is displeased with some of the responses. He unsuccessfully attempted to confer by telephone with Defendants' counsel about these, then filed eight motions to compel responses to requests for admissions [DE 161–68].

### A. Standard of Review

Federal Rule of Civil Procedure 36 governs requests for admissions. It provides that requests for admissions should be "simple and direct so they can readily be admitted or denied." *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, 04 C 50342, 2006 WL 850969 (N.D. Ill. Mar. 28, 2006). If a party cannot "readily admit or deny a request," it may make an admission with a qualification or deny only part of a request, so long as the response fairly meets the substance of the requested admission." *Id.* Parties are also free to add necessary qualifications. *Id.*

"A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial." *Id.* If the response is not truthful, the proper remedy is to prove the truth of the matter at trial. *Id.*

Rule 36 provides that, "[i]f the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36.

**B. Explanation of Partial Granting of Motions to Compel Responses to Requests for Admissions**

In the sections that follow, whenever the Court grants or partially grants a motion to compel as to a response by a Defendant to a request for admission, the motion to compel is granted only to the extent specified; the remainder of the objection to that response is overruled and denied.

**C. Requests for Admissions to Hanover Community School Corporation [DE 161]**

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Hanover Community School Corporation [DE 161]. The Motion addresses Requests 5, 6, 7, 8, 10, 14, 15, 16, 18, 20, 21, 24, 26, 29, and 30 to Hanover Community School Corporation.

The Motion is **DENIED** in all respects.

**D. Requests for Admissions to Justin Biggs [DE 162]**

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Justin Biggs [DE 162]. The Motion addresses Requests 4, 10, 13, 15, 17, 20, 22, 23, 24, 25, 26, 29, and 30 to Justin Biggs.

The Motion is **DENIED** in all respects.

**E. Requests for Admissions to Mary Joan Dickson [DE 163]**

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Mary Joan Dickson [DE 163]. The Motion addresses Requests 5, 7, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20, 23, and 26 to Mary Joan Dickson.

The Motion is **DENIED** in all respects.

**F. Requests for Admissions to Julie Mueller [DE 164]**

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Julie Mueller [DE 164].The Motion addresses Requests 5, 6, 8, 9, 10,

11, 13, 14, 15, 16, 20, 21, and 26 to Julie Mueller.

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Requests 5, 6, 8, 10, 11, 13, 14, 15, 16, 20, and 21 to Julie Mueller. The Motion is **GRANTED** as to Request 9 to Julie Mueller. The Court **ORDERS** that Julie Mueller shall promptly supplement her original response to Request 9 by directly responding whether the school board made its decision regarding Plaintiff Vukadinovich's contract without an additional private conference with him.

### G. Requests for Admissions to Pat Kocot [DE 165]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Pat Kocot [DE 165]. The Motion addresses Requests 5, 6, 8, 9, 11, 14, 15, 16, 19, 22, 23, 24, 27, and 30 to Pat Kocot.

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Requests 5, 6, 8, 14, 15, 16, 19, 22, 23, 24, 27, and 30 to Pat Kocot. The Motion is **GRANTED** as to Request 11 to Pat Kocot. The Court **ORDERS** that Pat Kocot shall promptly supplement her original response to Request 11 by directly responding whether the school board made its decision regarding Plaintiff Vukadinovich's contract without an additional private conference with him.

### H. Requests for Admissions to Dana Griner [DE 166]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Dana Griner [DE 166]. The Motion addresses Requests 5, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 21, 22, and 25.

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

17

The Motion is **DENIED** as to Requests 5, 9, 11, 12, 14, 15, 16, 17, 18, 20, 21, 22, and 25 to Dana Griner. The Motion is **GRANTED** as to Request 10 to Dana Griner. The Court **ORDERS** that Dana Griner shall promptly supplement her original response to Request 10 by directly responding whether the school board made its decision regarding Plaintiff Vukadinovich's contract without an additional private conference with him.

### I. Requests for Admissions to Tony Hiatt [DE 167]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Tony Hiatt [DE 167].

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Requests 1, 2, 3, 7, 8, 10, 13, 14, 16, 20, 23, 28, and 30 to Tony Hiatt. The Motion is **GRANTED** as to Request 22 to Tony Hiatt. The Court **ORDERS** that Tony Hiatt shall promptly supplement his original response to Request 22 by answering whether it was stated at the meeting that Plaintiff Vukadinovich lacked PLTW certification, whether the school offered it to him and he declined, and whether as of the date of that meeting Plaintiff Vukadinovich did in fact have PLTW certification. The Motion is also **GRANTED** as to Request 27 to Tony Hiatt. The Court **ORDERS** that Tony Hiatt shall promptly supplement his original response to Request 27 by answering whether the meetings took place prior to July 1, 2012.

### J. Requests for Admissions to Carol Kaiser [DE 168]

Plaintiff Vukadinovich filed a Motion to Compel Non-Evasive and Complete Responses to Requests for Admissions as to Carol A. Kaiser [DE 168]. The Motion addresses Requests 3, 5, 7, 8, 9, 10, 11, 13, 20, 21, 22, 24, 25, and 30 to Carol A. Kaiser.

The Motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Motion is **DENIED** as to Requests 3, 5, 7, 8, 9, 10, 11, 20, 21, 22, 24, 25, and 30 to

18

Carol A. Kaiser. The Motion is **GRANTED** as to Request 13 to Carol A. Kaiser. The Court **ORDERS** that Carol A. Kaiser shall promptly supplement her original response to Request 13 by answering whether she took any adverse employment action against Arden Smith (in the context of the Request).

## IX. Lifting Stay

The Court **ORDERS** that the stay of filings and proceedings in this case issued in the Court's Order of January 13, 2014 [DE 173], and in the docket entry text at docket entry 173 and immediately following docket entry 173 is now hereby **LIFTED**.

## X. Conclusion

Accordingly:

1. The Motions at DE 84, 99, 132, and 158 are **GRANTED**;

2. The Motions at DE 89, 96, 161, 162, and 163 are **DENIED**;

3. The Motions at DE 66, 67, 68, 69, 70, 71, 72, 73, 164, 165, 166, 167, and 168 are **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

4. The stay of filings and proceedings in this case ordered January 13, 2014 is **LIFTED**.

SO ORDERED this 20th day of February, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:  Plaintiff Brian Vukadinovich, *pro se*
     All Counsel of Record