UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-**FILED**-

FEB 16 2016

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRIAN VUKADINOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-CV-144-PPS |
| | ) | |
| HANOVER COMMUNITY SCHOOL | ) | |
| CORPORATION, Former Superintendent | ) | |
| CAROL A. KAISER and Former Principal | ) | |
| JUSTIN BIGGS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiff, Brian Vukadinovich, pro se, submits his proposed Jury Instructions prior

to trial, reserving the right to supplement or amend these instructions as needed.

Respectfully submitted,

*Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-2462

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 1

Plaintiff Brian Vukadinovich claims that he was terminated by the Hanover Community School Corporation in retaliation for his litigation with Defendant Biggs' former employer, School City of Hammond, where Defendant Biggs was employed at the time the case was settled prior to Defendant Biggs' employment with the Hanover Community School Corporation. To succeed on this claim, Brian Vukadinovich must prove by a preponderance of the evidence that the Hanover Community School Corporation terminated him in retaliation for his litigation with the School City of Hammond. To determine that Brian Vukadinovich was terminated because of his litigation with the School City of Hammond, you must decide that the Hanover Community School Corporation would not have fired Brian Vukadinovich if he had not engaged protected activity by his litigation against the School City of Hammond, but everything else was the same.

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

In order to prevail on his claim, plaintiff must show that he was terminated from his position, and that his previous successful litigation against his supervisor, Justin Biggs' prior employer, School City of Hammond, was a motivating factor in the decision to terminate plaintiff. Remember that the plaintiff must show only that his previous successful litigation

against his supervisor, Justin Biggs' prior employer, School City of Hammond, was a motivating

factor in the decision to terminate him. He does not have to show that it was the only or even a

major factor in the defendant's decision. If the defendants have offered a non-discriminatory

reason or reasons for their termination of plaintiff and you believe that reason or reasons, then

your verdict should be for the defendant. If, however, you do not believe that this reason or

reasons were the real reason or reasons for terminating plaintiff, you may find that plaintiff has

proven his claim of intentional employment discrimination, particularly if you believe that the

defendants did not put forth honestly the reason or reasons for their decision.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____


Federal Civil Jury Instructions 9th Circuit – Motivating Factor Instr. 10.1.

*Staub v. Proctor Hospital*, U.S. 31 S.Ct. 1186, 179 L.Ed.2d 144 (2011); *Chattman v. Toho Tenax America, Inc.* 686 F.3d 339 (6th Cir. 2012)

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 2**

The board members did not have to know about Plaintiff's successful litigation against Justin Biggs' former employer, School City of Hammond to be held liable. The corporation is liable for Justin Biggs' actions under what is called the "cat's paw" theory. Therefore, you must find the corporation liable under the cat's paw theory if you believe Justin Biggs retaliated against Plaintiff because of his successful litigation against Justin Biggs former employer, School City of Hammond.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Staub v. Proctor Hospital*, U.S. 31 S.Ct. 1186, 179 L.Ed.2d 144 (2011); *Chattman v. Toho Tenax America, Inc.* 686 F.3d 339 (6th Cir. 2012)

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 3

Title VII of the Civil Rights Act of 1964, as amended, prohibits employers such as Hanover Community School Corporation from retaliating against employers who engage in protected conduct. You are instructed that conduct protected by Title VII includes Plaintiff's litigation with School City of Hammond, Justin Biggs' previous employer.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Judge Simon Instruction in *Bartlett v. Nibco, Inc.*, 3:08-cv-597-PPS – Final Instruction No. 16 (modified)

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 4**

Title VII of the Civil Rights Act of 1964, as amended, prohibits a corporation, such as the Hanover Community School Corporation, from retaliating against any employee because he engaged in protected conduct. Therefore, Brian Vukadinovich's protected activity need not be the only reason or the primary reason for firing. He must prove that his protected activity made a difference at least in part, in the decision to fire him even if there were other, permissible considerations affecting that decision.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions of the Seventh Circuit – Instr. 11.01.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 5

A current supervisor who was an administrator for a prior employer who was sued cannot retaliate by not hiring a person or causing a person to be terminated because the person previously sued the current supervisor's prior employer.

Justin Biggs was plaintiff's supervisor. The Plaintiff previously sued Justin Biggs' prior employer, School City of Hammond, where Justin Biggs was an administrator.

Under the law it is considered unlawful conduct for Justin Biggs to have retaliated against Plaintiff because Plaintiff sued Justin Biggs prior employer.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Christopher v. Stouder Memorial Hospital*, 936 F.2d 870 (6th Cir.), cert denied, 502 U.S. 1013 (1991).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 6

I have decided to accept as proved the fact that the comments made by Defendant Justin

Biggs to Plaintiff Brian Vukadinovich on May 2, 1012 are direct evidence of discrimination.

You must now treat this fact as having been proved for the purpose of this case.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions of the Seventh Circuit – Judicial Notice Instr. 2.06.

NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 2.5 (2001).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 7**

As long as one person who participated in the decision to terminate Brian Vukadinovich had knowledge of his protected activity at the time the decision to terminate him was made, then Plaintiff has satisfied his burden as to the liability of the Hanover Community School Corporation, even if not all persons who participated in the termination decision knew of Brian Vukadinovich's protected activity.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 8

Plaintiff accuses the Hanover Community School Corporation of age discrimination in violation of federal law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence that the defendant Hanover Community School Corporation took adverse employment action against him because of his age. An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it:

(1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or

(2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service. An adverse employment action by a supervisor is an action of the employer. Plaintiff need not show that age discrimination was the only or predominant factor that motivated the defendant Hanover Community School Corporation. In fact, you may decide that other factors were involved as well in the defendant Hanover Community School Corporation decision making process. In that event, in order for you to find for the plaintiff, you must find that he has proven that, although there were other factors, he would not have been terminated without the age discrimination.

An employer is free to terminate an employee for any nondiscriminatory reason even if its business judgment seems objectively unwise. But you may consider the believability of an explanation in determining whether it is a cover-up or pretext for discrimination.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence—for example, explanations that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

If you find that Hanover Community School Corporation's proffered reasons are true, you may still find for Brian Vukadinovich if you find (1) Hanover Community School Corporation fired Brian Vukadinovich for both the retaliatory and the proffered non-retaliatory reasons, or (2) Hanover Community School Corporation's proffered reasons are pretextual, that is, Hanover Community School Corporation was merely disguising its underlying intent to retaliate on an illegal basis.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions of the 1st Circuit – Instr. 1.1.

*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 9

The Age Discrimination in Employment Act (ADEA) forbids age discrimination against people who are age 40 or older.

The Plaintiff, Brian Vukadinovich, was 60 years old at the time of his termination. Plaintiff was therefore in the protected class.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Judge Simon Instruction in *Thompson v. Finnegan*, 3:08-cv-309 – Final Instruction No. 14 (modified)

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 10

The Plaintiff has shown evidence that 85% of the teachers hired by the Hanover

Community School Corporation for the 5 year time period from the 2009-2010 school year to the

2013-2014 school year at the time of their hirings were under 40 years old. You are free to

consider this statistical evidence in your decision as to the issue of age discrimination.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*McCoy v. WGN v. Continental Broadcasting,* 957 F.2d 368, 373-74 (7th Cir. 1992).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 11

If you find that the defendant Hanover Community School Corporation terminated plaintiff because of his age, you must then determine whether the defendant Hanover Community School Corporation's conduct was "willful." "Willful" means that the defendant Hanover Community School Corporation either knew that its conduct was prohibited by federal law or showed reckless disregard for the matter. Under this standard, the plaintiff need not show that the defendant's conduct was outrageous and he need not show direct evidence of the defendant's motivation. As I have said for motive, you may, but do not have to, infer willfulness from the existence of those facts that you find have been proven by a preponderance of the evidence. If the defendant believed, in good faith, that its conduct was legal, then defendant's conduct was not "willful." The age discrimination was on the part of Justin Biggs with the acquiescence of Carol Kaiser and the school board. You may find that Justin Biggs' conduct was "willful" only if you find that he committed the wrongful conduct while he was serving in a managerial capacity and was acting within the scope of his employment. Conduct is within the scope of employment if the conduct is the kind of activity the employee was hired to perform and was actuated at least in part by the purpose to serve the defendant Hanover Community School Corporation.

However, if you determine that the defendant Hanover Community School Corporation made reasonable, good faith efforts to comply with the federal law forbidding age discrimination, and didn't turn a blind eye to what was taking place against Plaintiff then defendant Biggs' conduct was not "willful." However, you must take into account the nature of the age based comments Justin Biggs made to Plaintiff on May 2, 2012 and his subsequent actions against Plaintiff. In determining the good faith of the defendant Hanover Community

School Corporation, you may consider whether the defendant Hanover Community School Corporation instituted policies prohibiting age discrimination, and trained its personnel to ensure equal treatment of its employees, regardless of age and whether Justin Biggs followed the policies. On this issue of good faith, the defendant bears the burden of proof.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 777 (7th Cir. 2001).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 12

In deciding Brian Vukadinovich's claims, you should not concern yourselves with whether Hanover Community School Corporation's actions were wise, reasonable, or fair. Rather, your concern is only whether Brian Vukadinovich has proven that Hanover Community School Corporation terminated him for his age or in retaliation for his successful litigation with School City of Hammond, Justin Biggs' previous employer.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Judge Simon Instruction in *Bartlett v. Nibco, Inc.*, 3:08-cv-597-PPS – Final Instruction No. 18 (modified).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 13**

You are instructed that as of the date of Plaintiff's termination on June 11, 2012 there

was in full force and effect a Collective Bargaining Agreement stating in relevant part under

Section VIII - Due Process, as follows:

> Teachers whose release is necessitated by a reduction-in-force shall be recalled
> when a job opening in his/her related field(s) of education, in order of seniority
> at the time of their dismissal within a period of two (2) school years.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Judge Simon Instruction in *Thompson v. Finnegan*, 3:08-cv-309 – Final Instruction No. 14
(modified).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 14

The United States Congress passed the Civil Rights Act to enforce rights secured by the Constitution. One of these acts is Section 1983 of Title 42 of the United States Code.

Section 1983 provides that any person may seek redress in this court, by way of damages, against any person or persons or governmental entity who, under color of any law, statute, ordinance or regulation, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. Plaintiff's federal civil rights claim is brought as a claim Under 42 U.S.C. Section 1983.

When I say that a person acts "under color of law," I mean that person uses or misuses authority that he has because of his official position.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

42 U.S.C. Section 1983.

Federal Civil Jury Instructions of the 7th Circuit – Instr. 7.03.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 15

The Plaintiff Brian Vukadinovich claims that Justin Biggs, Carol Kaiser and Tony Hiatt were involved in a conspiracy to cause him to be terminated from his employment.

A defendant also may be found liable under federal law for any of the four violations, even if he personally did not do them, if you find that he conspired with someone who did them or caused them to be done. A conspiracy is an agreement of two or more persons to commit one or more wrongful acts. To prove the defendant liable for conspiring to commit any of the violations, the plaintiffs must prove by a preponderance of the evidence:

First,     two or more persons agreed to commit a wrongful act;

Second,    the defendant joined the conspiracy knowing of at least one of the
           goals of the conspiracy and intending to help accomplish it;

Third,     one or more of the violations was committed by someone who was a
           member of the conspiracy and acted in furtherance of the conspiracy;

Fourth,    the violation could reasonably have been foreseen to be a necessary
           or natural consequence of the conspiracy.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. Further, the agreement, common plan, design, or purpose does not have to have been arranged or formulated in advance. The existence of such agreement, plan or purpose may be inferred from the fact that two or more persons acted together to put into effect a joint enterprise with a wrongful or criminal aim. Under the law the co-conspirators do not even have to discuss the plan as it is enough to infer from the circumstances that the members of the conspiracy had a "meeting of the minds", and thus reached an understanding that Plaintiff should be terminated from his employment.

Each member of the conspiracy is liable for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a violation in furtherance of a conspiracy, the other members have also, under the law, committed the violation.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Pinkerton v. United States*, 328 U.S. 640 (1946); *Barrueto v. Fernandez Larios*, 205 F. Supp. 2d 1325, 1331-33 (S.D. Fla. 2002); *Halberstam v. Welch*, 705 F.2d 472, 478-479 (D.C. Cir. 1983); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1410 (11th Cir. 1994), modified on reh'g, 30 F.3d 1347 (11th Cir. 1994); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 24 F. Supp. 2d 289, 321-324 (S.D.N.Y. 2003*); Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 16

Plaintiff claims that Carol Kaiser in her position as superintendent violated the Plaintiff's right to procedural due process by her failure and refusal to provide evidence to Plaintiff at the meeting with Plaintiff in justification of her recommendation to terminate Plaintiff's employment, and by her failure and refusal to answer Plaintiff's questions regarding issues of his termination. Plaintiff contends that the meeting with former superintendent Kaiser was just a formality with a pre-judged outcome. Plaintiff further contends that the school board violated his right to procedural due process by refusing to meet with him in order that he could contest the charges against him brought by Justin Biggs and Carol Kaiser.

To succeed on this claim, the Plaintiff must prove by a preponderance of the evidence that Carol Kaiser failed to provide adequate information to Plaintiff and failed and refused to answer Plaintiff's questions about his termination at the meeting with Plaintiff on May 11, 2012 and that the meeting was just a formality with a pre-judged outcome by former superintendent Kaiser, and that Plaintiff should have had the opportunity to contest and refute the charges to the school board before the school board accepted former superintendent Kaiser's recommendation to terminate Plaintiff's employment.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Fuentes v. Shevin* (1972), 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; *Board of Regents v. Roth* (1972) 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry v. Sinderman* (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123 (Frankfurter, J. concurring) (quoting *Palko v. Connecticut*, 302 U.S. 319; *Boddie v. Connecticut*, 401 U.S. 371; *Ciechon v. City of Chicago*, 686 F.2d 511.

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 17

In 1866 Congress passed the 14th Amendment allowing state ratification. The 14th Amendment to the Constitution was ratified by the states on July 9, 1868. Section 1 states:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. When I say "nor shall any State deprive any person of life, liberty, or property, without due process of law" I mean that the Hanover Community School Corporation is a governmental entity falling under the category of "State" and thereby subject to the requirements of the due process clause of the 14th Amendment in termination proceedings of its employees including the termination proceedings of the Plaintiff Brian Vukadinovich.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____


U.S. Constitution – 14th Amendment

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 18

Plaintiff claims that he was harassed by Justin Biggs. To succeed on his claim against Defendant, Plaintiff must prove six things by a preponderance of the evidence.

1. Justin Biggs was Plaintiff's supervisor. A supervisor is someone who can affect the conditions of Plaintiff's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer or discipline Plaintiff.

2. Plaintiff was subjected to a series of harassments by Justin Biggs that resulted in disciplinary meetings and threats and intimidations against Plaintiff during the months of May and June 2012 after Defendants served notice to Plaintiff that his employment was to be terminated.

3. The conduct was unwelcome.

4. The conduct occurred in retaliation for Plaintiff's exercise of his protected rights for his litigation and settlement against Justin Biggs' former employer, School City of Hammond.

5. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

6. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions of the Seventh Circuit – Supervisor Harassment With No
Tangible Employment Action Instr. 3.05B.

Supervisor definition:  See *NLRB v. Kentucky River Cmty Care*, 532 U.S. 706, 713 (2001);
*Faragher v. City of Boca Raton*, 524 U.S. 775, 798 (1998); *NLRB v. Yeshiva Univ.*, 444 U.S.
672, 682-691 (1980); *American Diversified Foods, Inc. v. NLRB*, 640 F.2d 893, 894 (7th Cir.
1981).

Employer's Vicarious Liability for Supervisor Conduct:  See *Faragher v. City of Boca Raton*,
524 U.S. 775 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998); *Hostetler v. Quality
Dining, Inc.*, 218 F.3d 798, 806 (7th Cir. 2000); *Parkins v. Civil Constructors of Ill., Inc.*, 163
F.3d 1027, 1032 (7th Cir. 1998).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 19

42 U.S.C. § 1983 (1982). Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

If you find that the Defendants were reckless or indifferent to Plaintiff's rights, you may find the Defendants liable. If Defendants were negligent, they are still liable if their conduct was reckless or indifferent to Plaintiff's rights.

If you find any issues in favor of the plaintiff, and if the conduct of one or more of the defendants is shown to be a reckless or callous disregard of, or indifference to, the rights of the Plaintiff, then you may assess punitive or exemplary damages in addition to any award of actual damages.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Hague v. Committee for Indus. Org.*, 101 F.2d 774 (3d Cir.); *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981); *Busche v. Burkee*, 649 F.2d 509 (7th Cir. 1981) (due process); *Vetters v. Berry*, 575 F.2d 90 (6th Cir. 1978); *Sostre v. McGinnis*, 442 F.2d 178, 205 (2d Cir. 1971) (prisoner's right's), *cert. denied*, 404 U.S. 1049, *cert. denied*, 405 U.S. 978 (1972); *Caperci v. Huntoon*, 397 F.2d 799 (1st Cir. 1968) (per curiam, *cert. denied*, 393 U.S. 940 (1968).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 20

The means of knowledge are ordinarily the equivalent in law to knowledge. If it appears from the evidence in the case that a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had made such inquiry and had actually learned such facts.

That is to say, the law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

So, with respect to the issue of defendant's knowledge in this case, if you find by a preponderance of the evidence that the defendant deliberately and consciously tried to avoid learning facts in order to be able later to say that he did not know such facts, you may treat such deliberate ignorance of positive knowledge as the equivalent of knowledge.

In other words, you may find that defendant acted "knowingly" if you find by a preponderance of the evidence either: (1) that the defendant actually knew; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

The requisite proof of knowledge on the part of the defendant cannot be established by merely demonstrating that the defendant was negligent, careless, or foolish.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 21

Evidence was presented to you in the form of written answers of one or more of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions. You must give the answers the same consideration as if the answers were made from the witness stand.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

3 KEVIN F. O'MALLEY, JAY E. GRENIG & HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 102.24 (5th ed. 2000). 2.09. USE OF INTERROGATORIES.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Eleventh Circuit Criminal Pattern Jury Instruction – Deliberate Ignorance As Proof of Knowledge, Instr. No. 8 (modified).

KEVIN F. O'MALLEY, JAY E. GRENING, AND HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, CIVIL, §101.24 (modified).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 22

If you find that the Hanover Community School Corporation had a witness available to it whom it did not call, and the Hanover Community School Corporation did not have that witness available to testify, you may infer that the witness's testimony would have been unfavorable to the Hanover Community School Corporation. You may draw such an inference, but you are not required to.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions 7th Circuit – Adverse Inference from Missing Witness Instr. 1.19.

*Latin American Music Co. v. ASCAP*, 593 F.3d 95, 101 (1st Cir. 2010).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 23

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions 7th Circuit – Note-Taking Instr. 1.07.

*United States v. Rhodes*, 631 F.2d 43, 46 (5th Cir.).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 24**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Judge Simon Instruction in *Bartlett v. Nibco, Inc.*, 3:08-cv-597-PPS – Court's Instruction No. 17 (modified).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 25

You may consider statements given by any party or any witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions 7th Circuit – Prior Inconsistent Statements [Or Acts] Instr. 1.14.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 26

Plaintiff contends that the Defendants at one time possessed records of Plaintiff's student enrollment numbers for the 2008-2009 school year, security camera video regarding the Justin Biggs incident in Plaintiff's classroom on May 8, 2012, security camera video regarding the Justin Biggs incident in the Administration Center on May 11, 2012, security camera video of presentation meeting in Hanover Central media center on May 14, 2012, security camera video of Plaintiff's classroom on the morning of May 24, 2012 during Plaintiff's supervision of morning detention, staff sign in sheet of presentation meeting in Hanover Central media center on May 14, 2012, and morning detention student sign in sheet of May 24, 2012. However, the Defendants contend that the loss of the evidence was accidental.

You may assume that such evidence would have been unfavorable to the Defendants only if you find by a preponderance of the evidence that:

(1)  Defendants intentionally destroyed the evidence or caused the evidence to be destroyed; and

(2)  Defendants destroyed the evidence or caused the evidence to be destroyed in bad faith.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions 7th Circuit – Spoliation/Destruction of Evidence Instr. 1.20.

*Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997); *Spesco, Inc. v. General Elec. Co.,* 719 F.2d 233, 239 (7th Cir. 1983); *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, 473 (N.D. Ill. 1992); *Booker v. Mass. Dep't of Public Health*, __ F.3d __, 2010 WL 2776627 (1st Cir. July 15, 2010); *United States v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir. 1989).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 27**
**(Cats-Paw Theory)**

Under federal law an employer is liable under what is called the "Cats-Paw" theory if a supervisor performs an act motivated by an animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action. The employer is at fault and will be liable because its agent(s) committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision.

Justin Biggs and Carol Kaiser were the Hanover Community School Corporation's "agents" under federal law as defined in the ADEA, 29 U.S.C. Sec. 630(b).


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____


ADEA, 29 U.S.C. Sec. 630(b).

*Staub v. Proctor Hospital*, U.S. 31 S.Ct. 1186, 179 L.Ed.2d 144 (2011); *Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir. 1990).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 28

You have heard expert witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____


Federal Civil Jury Instructions 7th Circuit - Instr. 1.21.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 29

If you find that the Plaintiff has proven his claim of retaliation, you may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by the Defendants' discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. The law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You may not consider the amount of lost wages or other benefits, if any, claimed by the plaintiff on this particular issue. Lost wages and other benefits will be determined by the Court.

You may award punitive damages for intentional discrimination as to the issue of retaliation. You may award such punitive damages that you see fit to punish the defendants and to deter such future conduct.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

42 U.S.C. Section 2000.

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 30**

**(AGE DISCRIMINATION—DAMAGES—BACK PAY—MITIGATION)**

If you find for the plaintiff on the plaintiff's age discrimination claim, you must determine the plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any loss of pay, wages, benefits you find was caused by the discriminatory act of the defendant. You may award the following:

Back Pay:

1. Award: Back pay includes any back wages, lost pay, and employee benefits the plaintiff would have received from the date the defendant terminated the plaintiff to the date of this trial. The plaintiff has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

2. Mitigation of Back Pay Award: The plaintiff has a duty to undertake reasonable measures to minimize his damages and the defendant is not required to compensate the plaintiff for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that the plaintiff actually avoided, or could have avoided, if he had made reasonable efforts. The defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced. Therefore:

a. You must deduct any wages or other earnings that the defendant proved that the plaintiff received from other employment from the date the defendant terminated the plaintiff to the date of this trial.

b. You must deduct any severance pay and pension benefits that the defendant proved the plaintiff received after the discharge.

c. If the defendant proves by a preponderance of the evidence either:

(i)  that plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff, or

(ii)  that plaintiff failed to make reasonable efforts to find such new job; you must subtract from the back pay award the amount of money you find that plaintiff could have earned from the time the plaintiff could have obtained such new job [or should have obtained from such new job, had he made reasonable efforts to find such new job to the date of this trial.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

Federal Civil Jury Instructions 9th Circuit - Instr. 11.7A.

*Lorillard v. Pons*, 434 U.S. 575, 582–83 (1978); *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1346 (9th Cir.1987).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 31

If you find that the defendant Hanover Community School Corporation's conduct was "willful" in terminating Plaintiff's employment, the plaintiff is entitled to double the amount of back pay awarded.

Willfulness may be shown by circumstantial evidence, including statistical evidence and discriminatory statements. The age based comments by Justin Biggs to Plaintiff and the statistical evidence showing that 85% of the teachers hired by the corporation for the 5 year time period from the 2009-2010 school year to the 2013-2014 school year at the time of their hirings were under 40 years old can be evidence of willfulness . You are free to consider this evidence on the willfulness issue.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

*Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1348 (9th Cir.1987); *Kelly v. American Standard, Inc.*, 640 F.2d 974 (9th Cir. 1981).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 32

With respect to Plaintiff's Section 1983 federal claims for violations of his due process rights and conspiracy and harassments, you may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish and for the consequential economic damages Plaintiff has suffered as a consequence of the Defendants' wrongful actions. Evidence of Plaintiff's emotional distress has been submitted into evidence by way of a medical report. You are free to consider the information in the medical report to determine this aspect of damages. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. The law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____

42 U.S.C. Section 1983

*Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965); *Hague v. Committee for Indus. Org.*, 101 F.2d 774 (3d Cir.); *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981) *Busche v. Burkee*, 649 F.2d 509 (7th Cir. 1981); *Sostre v. McGinnis*, 442 F.2d 178, 205 (2d Cir. 1971) *cert. denied*, 404 U.S. 1049, *cert. denied*, 405 U.S. 978 (1972); *Caperci v. Huntoon*, 397 F.2d 799 (1st Cir. 1968) (per curiam), *cert. denied*, 393 U.S. 940 (1968).

### PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 33

If you find that the individual Defendants Justin Biggs and/or Carol Kaiser were reckless or indifferent to Plaintiff's rights in any way as to his claims for due process, conspiracy and harassments, you may assess punitive damages against each of these Defendants.

If you find any issue in favor of the plaintiff, and if the conduct of Defendants Justin Biggs and/or Carol Kaiser was shown to be a reckless or callous disregard of, or indifference to, the rights of the Plaintiff, then you may assess punitive or exemplary damages against each to punish and deter such future conduct.

There is no minimum or maximum amount for your assessment of punitive damages, you are free to use your judgment based on what you saw and heard at this trial.


GIVEN:_____

GIVEN AS MODIFIED:_____

DENIED:_____

WITHDRAWN:_____


42 U.S.C. Section 1983

*Hague v. Committee for Indus. Org.*, 101 F.2d 774 (3d Cir.); *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981); *Busche v. Burkee*, 649 F.2d 509 (7th Cir. 1981) (due process); *Vetters v. Berry*, 575 F.2d 90 (6th Cir. 1978); *Sostre v. McGinnis*, 442 F.2d 178, 205 (2d Cir. 1971) (prisoner's right's), *cert. denied*, 404 U.S. 1049, *cert. denied*, 405 U.S. 978 (1972); *Caperci v. Huntoon*, 397 F.2d 799 (1st Cir. 1968) (per curiam, *cert. denied*, 393 U.S. 940 (1968).

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing *Plaintiff's Proposed Jury Instructions* has been served upon the following counsel of record, by United States Mail, First-Class postage prepaid, this 16th day of February, 2016.

> Marsha Volk Bugalla
> Frost, Brown, Todd, LLC
> 201 N. Illinois Street, Suite 1900
> P.O. Box 44961
> Indianapolis, Indiana 46244-0961

> *Brian Vukadinovich*
> Brian Vukadinovich, Pro Se
> 1129 E. 1300 N.
> Wheatfield, Indiana 46392
> Tel. (219) 956-2462