UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) CAUSE NO. 2:13-CV-144-PPS |
| HANOVER COMMUNITY SCHOOL | ) |
| CORPORATION, ET AL., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on two motions recently filed by Mr. Vukadinovich. The first motion is titled as a "Motion To Be Heard As To Petition For Judicial Notice Pursuant To Rule 201 Of The Federal Rules Of Evidence." But what Vukadinovich really seeks is a new trial on the grounds that the Defendants allegedly committed a fraud on the Court during the trial of this matter. That is what he spends the majority of his 25 page motion talking about. [DE 411, 412.] So I will treat his motion as one brought under Federal Rule of Civil Procedure 60(b)(3), motion for relief from judgment based on fraud. Vukadinovich's second motion is explicitly a Rule 60 motion but this one is based on a claim of newly discovered evidence [DE 413], so Rule 60(b)(2) governs his second motion.

Rule 60(b) presents a high hurdle. Whether to grant relief under Rule 60(b) is left to the sound discretion of the trial court. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). "Because relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances, a district court

abuses its discretion only when no reasonable person could agree with the decision to deny relief." *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009) (internal quotations and citations omitted).

In Vukadinovich's motion regarding his petition for judicial notice, he asks me to take notice of the fact that in May 2016, Hanover Community School Corporation posted a job opening for a teacher for middle school Project Lead The Way classes, which are classes that Vukadinovich previously taught and were eliminated in 2012, resulting in Vukadinovich's termination and this lawsuit. But what happened in 2016 is not relevant to the motivation behind Hanover Community School Corporation's actions in 2012 and would not be part of the jury's calculus in determining whether the School discriminated against Vukadinovich because of his age when it fired him in 2012. As I explained at length in my Opinion and Order on all of the parties' post-trial motions, DE 409, the School presented several non-discriminatory reasons for the decision not to renew Vukadinovich's contract and, despite the sometimes shaky or contradictory explanations at trial, there was evidence to support the jury's verdict. [DE 409 at 24-26.] Vukadinovich already challenged that verdict once in his first round of post-trial motions and lost. He does not get another opportunity to do so in this Court based on evidence that is not relevant and not part of the calculus for determining liability on his age discrimination claim.

In addition, the School's failure to raise this publicly available fact at trial is not fraud on the Court, as Vukadinovich argues at length, and certainly not the type of

2

conduct from which Rule 60 is intended to protect litigants. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016) ("Fraud on the court occurs only in the most extraordinary and egregious circumstances and relates to conduct that might be thought to corrupt the judicial process itself, such as where a party bribes a judge or inserts bogus documents into the record."); *Best v. United States*, No. 2:00-CR-171, 2011 WL 321153, at *1 (N.D. Ind. Jan. 26, 2011) ("An action for fraud on the court is available only to 'prevent a grave miscarriage of justice.'" (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998))). For these reasons, Vukadinovich's motion must be denied.

Vukadinovich's Rule 60(b)(2) motion regarding newly discovered evidence references and includes as an exhibit a note that he says was mysteriously placed in his mailbox by an unknown individual and alleges a conspiracy between two gentlemen (Lou Lindinger and John Machowicz) from the Hammond Schools, with which Vukadinovich settled a prior age discrimination lawsuit when his employment contract was terminated, and Justin Biggs, who Vukadinovich alleged was on a mission to get him fired from the Hanover Community School Corporation , in part, because he previously sued the Hammond Schools. [DE 413.] Attached to the note was a letter from April 2000 on School City of Hammond letterhead directed to Lou Lindinger recommending that Hammond Schools hire John Mackowicz. [*Id.* at 6.] The senders of both the note to Vukadinovich and the letter to Lindinger are unknown. These documents are unathenticated and inadmissible hearsay. *See* Fed. R. Evid. 802, 901.

3

In order for evidence to be newly discovered under Rule 60(b)(2), it must be "evidence" in the first place. In other words, the new evidence "must be material, admissible, credible, not merely cumulative or impeaching, and likely to change the outcome upon retrial." *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 213-14 (7th Cir. 1983). This evidence certainly is not that and, as such, cannot be used to support a claim for relief from judgment under Rule 60(b).

ACCORDINGLY:

For the aforementioned reasons, Vukadinovich's Motion To Be Heard As To Petition For Judicial Notice Pursuant To Rule 201 Of The Federal Rules Of Evidence [DE 411] and Motion For Relief From Judgment Pursuant To F.R.C.P. 60 [DE 413] are **DENIED.**

**SO ORDERED**.

ENTERED: November 2, 2016

 s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**