UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) CAUSE NO. 2:13-CV-144-PPS |
| HANOVER COMMUNITY SCHOOL | ) |
| CORPORATION, ET AL., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

A jury awarded judgment in favor of Plaintiff Brian Vukadinovich on one of three claims after a five-day trial. Vukadinovich now seeks the taxation of costs in the amount of $11,387.04. Defendants Hanover Community School Corporation and Former Superintendent Carol A. Kaiser object to the award of costs on the ground that Vukadinovich cannot be considered the prevailing party. In the event that those arguments are unavailing, the Defendants also registered specific objections to some of Vukadinovich's costs. As detailed below, Vukadinovich's requests for costs will be granted, but with modifications.

### Discussion

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211

F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate.").

The Seventh Circuit has held that "the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation.'" *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (quoting *Best Medium Publishing Company, Inc. v. National Insider, Inc.*, 385 F.2d 384, 386 (7th Cir. 1967). In determining whether a party prevailed as to the substantial part of the litigation, courts look to the substance of the litigation, the relief sought, and the relief awarded, not necessarily the *number* of claims on which a party prevailed. "[W[hen one party gets substantial relief it 'prevails' even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (finding that a plaintiff that prevailed on two of four claims and got $225,000 from the jury prevailed within the meaning of Rule 54(d)(1)); *see also Smart v. Local 702 Intern. Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief.").

Rule 54(d) allows a prevailing party to recover only those costs listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). These costs include:

(1) Fees of the clerk and marshal;

2

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees . . . ;
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. Before assessing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Defendants argue that Vukadinovich should not be awarded costs under Rule 54(d)(1) because he did not prevail "as to the substantial part of the litigation" because he only prevailed on his Due Process claim, and the jury found against him on his age discrimination and retaliation claims. [DE 420 at 1-2.] But the substance of this litigation can be boiled down to a single question, "Was Vukadinovich treated fairly when he was terminated?" The jury answered a resounding "NO" when it found in Vukadinovich's favor on his Due Process claim and awarded him $203,840.89 in damages. So while Vukadinovich may not have won on all of his claims, "[b]y any definition, he won the battle," and is a prevailing party under Rule 54(d)(1). *Slane*, 164 F.3d at 1068.

Defendants also argue that Vukadinovich is not entitled to all of the costs listed in the Bill of Costs because some are not included in those enumerated in 28 U.S.C. §

1920. [DE 420 at 2.] The two costs that the Defendants challenge are Vukadinovich's expert fees and copying costs. I will begin with the expert fees. While Defendants are correct that Section 1920(6) only allows the district court to tax costs for the compensation of *court appointed* experts, Section 1920(3) allows for costs for witness fees that are specified in 28 U.S.C. § 1821. Together those sections authorize the award of costs for reasonable travel and subsistence expenses of witnesses. *See Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000).

Vukadinovich seeks $2,000 for costs associated with the report of his expert, Anthony Sindone. [DE 410 at 3.] For the reasons I just discussed, these are not recoverable because Sindone was not a court-appointed expert and the fees associated with the preparation of an expert report are not included in those specified in 28 U.S.C. § 1821. Vukadinovich also seeks $500 for costs associated with Sindone's trial appearance. [*Id.*] But in 28 U.S.C. § 1821(b), "Congress placed a limit on the witness fees authorized by Section 1920(3), providing that '[a] witness shall be paid an attendance fee of $40 per day for each day's attendance.'" *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 480-81 (7th Cir. 2003). Sindone testified for a brief time on one day of the five day trial and Vukadinovich has provided no additional explanation for the additional $460 he asks in expert witness appearance fees. For these reasons, Vukadinovich is entitled to $40 in costs for Sindone's attendance at trial.

The Defendants also challenge the $5,430 that Vukadinovich seeks in copying costs. Under Section 1920(4), I may tax as costs "[f]ees for exemplification and the costs

of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This category includes copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *see also M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) ("Like depositions, the underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable.").

I have wide discretion in awarding costs under Rule 54(d)(1) and I must exercise my discretion and limit Vukadinovich's request for copying costs. In his Bill of Costs, Vukadinovich notes that his itemization of "Total # Copies" includes 1 copy for the Court, 1 service copy, and 1 copy to Vukadinovich and appears to include every filing by Vukadinovich in this protracted action. [DE 410 at 6.] This comes to a total of 21,720 pages at $.25 per page, for a total of $5,430 in requested copying costs. [*Id.* at 19.] This number must be trimmed for two reasons. First, Vukadinovich cannot recover costs of copies of filings that he made for himself. *See McIlveen*, 910 F.2d at 1584 ("The section thus does not encompass [the prevailing party's] copying of court filings for its own use."). Second, Vukadinovich filed numerous spurious pre-trial motions in this action and should not be awarded for doing so. [*See, e.g.*, DE 296; Motion for Leave to Submit Supplementary Exhibit (requesting leave to file an inadmissible supplementary exhibit well past the discovery and summary judgment deadlines; DE 302, Motion for

5

Leave to Submit Supplement Exhibit (requesting leave to submit a supplemental exhibit containing documents created well after the close of discovery and after summary judgment briefing was complete); DE 309, Motion for Sanctions (containing unwarranted vitriolic allegations of impropriety against the defendants); DE 321, Motion for Leave to Submit Supplemental Authority (requesting leave to submit non-controlling supplemental authority well after summary briefing was complete)]. While I have been patient with Vukadinovich throughout his litigation of this action because of his *pro se* status, I must be reasonable and fair to all of the parties. For these reasons, I will award Vukadinovich 50% of his total copying costs, which amounts to $2,715.

## Conclusion

For the foregoing reasons, Vukadinovich's Bill of Costs [410] is **GRANTED AS MODIFIED**. Vukadinovich is awarded costs of $6,212.04.

**SO ORDERED**.

ENTERED: January 20, 2017

 s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**